IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 24-13029 (AMC) |
| CHRISTINE C. SHUBERT, Chapter 7 Trustee for FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KROLL ASSOCIATES, INC.,<br><br>Defendant. | Adv. Pro. No. 25- |

**COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE
FOR FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., TO
AVOID AND RECOVER PREFERENTIAL TRANSFER PURSUANT TO
11 U.S.C. §§ 547 AND 550 AND FOR OTHER RELATED RELIEF**

Christine C. Shubert (the "Trustee"), Chapter 7 trustee for the estate of Financial Business and Consumer Solutions, Inc. (the "Debtor"), by and through her special counsel, Karalis PC, brings this adversary proceeding and files this Complaint (the "Complaint"), pursuant to Fed. R. Bankr. P. 7001, to avoid and recover a preferential transfer, pursuant to 11 U.S.C. §§ 547 and 550, and alleges as follows:

---

[1] The last four (4) numbers of the Debtor's Federal Employer Identification Number are 1430.

174209172.1

## JURISDICTION AND VENUE

1. This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under Title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding, as defined in 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

3. Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee seeks to avoid and recover, pursuant to Sections 547 and 550 of the Bankruptcy Code, a certain preferential transfer that the Debtor made to Defendant (defined below), and to recoup reasonable attorneys' fees and costs, pursuant to Rule 7054 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PARTIES AND BACKGROUND

5. Plaintiff is Christine C. Shubert, the Trustee for the estate of the Debtor.

6. Kroll Associates, Inc. ("Defendant") is, upon information and belief, a corporation, whose state of incorporation is Delaware.

7. Defendant, upon information and belief, maintains a business address at 1 South Wacker Drive, Suite 700, Chicago, IL 60606.

8. On August 29, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

9. On the same day, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee which appointment remains in effect today.

## COUNT ONE

### (Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547)

10. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were set forth herein at length.

11. On or within the ninety (90) days before the Petition Date (the "Preference Period"), the Debtor transferred and/or caused to be transferred, to or for the benefit of Defendant, in the form of one or more payments of monies and/or transfers of goods in, at least, the total amount of $40,000.00, as more specifically set forth below (the "Gross Transfer"):

| Payment | Payment Date | Payment Amount |
|---|---|---|
| ACH 8/21/2024 | 8/21/2024 | $40,000.00 |
| TOTAL | | $40,000.00 |

12. The Trustee and her professionals have conducted reasonable due diligence under the circumstances of the Debtor's bankruptcy case and have reviewed the Debtor's bankruptcy schedules, statement of financial affairs, accounts payable ledger for the period of ninety (90) days prior to the Petition Date, and the response, if any, by the Defendant to the Trustee's demand letter along with any affirmative defenses under 11 U.S.C. § 547(c) raised therein.

13. Based on the Trustee's reasonable due diligence, taking into account the Defendant's known or reasonably known affirmative defenses under 11 U.S.C. § 547(c), the net amount of the Gross Transfer that constitutes an avoidable preferential transfer pursuant to 11 U.S.C. § 547 is $40,000.00 (the "Transfer").

14. The Transfer constituted a transfer of an interest in property of the Debtor.

15. The bank account from which the Transfer was drawn was owned by the Debtor.

16. The Transfer was made, or caused to be made, to or for the benefit of the Defendant, a creditor of the Debtor.

17. The Transfer was made payable to and cashed by, or wired directly to and accepted by, the Defendant.

18. The Transfer was made, or caused to be made, for or on account of one or more antecedent debts owed by the Debtor to the Defendant prior to the date on which such Transfer was made.

19. The Transfer was made in satisfaction of the Debtor's obligations, pursuant to an agreement between the Debtor and the Defendant, and was a payment for goods previously delivered and/or services previously performed by the Defendant on behalf of the Debtor.

20. The Debtor was insolvent for purposes of Section 547(b) of the Bankruptcy Code when the Transfer was made.

21. The Transfer enabled the Defendant to receive more than it would have received if: (i) the case was under chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made, and (iii) Defendant received payment of the debt(s) relating to each such Transfer, to the extent provided by the provisions of the Bankruptcy Code.

22. Based upon the foregoing, the Transfer constitutes an avoidable preferential transfer pursuant to Section 547(b) of the Bankruptcy Code.

**WHEREFORE,** the Trustee seeks judgment against the Defendant:

(a) avoiding the Transfer (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal), pursuant to Section 547(b) of the Bankruptcy Code;

(b) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c) awarding the Trustee such other and further relief as may be just and proper.

## COUNT TWO

### (Recovery of Avoided Transfer Pursuant To 11 U.S.C § 550)

23.     The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

24.     The Defendant was the initial transferee of the Transfer.

25.     The Defendant was the entity for whose benefit the Transfer were made.

26.     Pursuant to Section 547(b) of the Bankruptcy Code, the Trustee may avoid the Transfer and, pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover for the benefit of the estate of the Debtor the Transfer, or the value of the Transfer, from the Defendant.

**WHEREFORE,** the Trustee seeks judgment against the Defendant:

(a)     directing the Defendant to immediately pay the value of the Transfer (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal) to the Trustee, together with pre-judgment and post-judgment interest, pursuant to Section 550 of the Bankruptcy Code;

(b)     awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c)     awarding the Trustee such other and further relief as may be just and proper.

## COUNT THREE

### (Disallowing, Barring, and Expunging the Defendant's Claims Pursuant To 11 U.S.C § 502)

27.     The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

28. The Defendant is the transferee of the Transfer, which is avoidable and recoverable under Sections 547 and 550 of the Bankruptcy Code.

29. The Trustee has demanded repayment of the Transfer.

30. The Defendant has failed and refused to turn over to the Trustee the value of the Transfer, or to otherwise repay the Transfer to the Trustee.

31. Pursuant to Section 502(d), any claim of the Defendant against the Debtor must be disallowed until the Defendant pays to the Trustee the value of the Transfer.

32. Pursuant to Section 502(d) of the Bankruptcy Code, the Trustee is entitled to entry of a judgment disallowing, barring, and expunging any claim(s) that the Defendant may hold against the Debtor.

**WHEREFORE,** the Trustee seeks judgment against the Defendant:

(a) disallowing, barring, and expunging any claim(s), including those on the claims register, that the Defendant may hold against the Debtor, pursuant to Section 502(d) of the Bankruptcy Code;

(b) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c) awarding the Trustee such other and further relief as may be just and proper.

## COUNT FOUR

### (Attorneys' Fees – Bankruptcy Rule 7054)

33. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

34. The Trustee has incurred significant legal fees and expenses to pursue these claims against the Defendant.

35. The Trustee is entitled to reasonable attorneys' fees, pursuant to Bankruptcy Rule 7054.

**WHEREFORE,** the Trustee seeks judgment against the Defendant:

(a) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding, pursuant to Bankruptcy Rule 7054; and

(b) awarding the Trustee such other and further relief as may be just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Special Counsel for Christine C. Shubert, Chapter 7 Trustee for the Debtor*

Dated: July 23, 2025